**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| Angela Stibbe<br>5420 Gilkey St Apt D<br>Fort Knox, KY 40121<br><br>    Plaintiff,<br><br>v.<br><br>CollectCorp Corporation<br>c/o CT Corporation System, Registered Agent<br>Kentucky Home Life Building<br>Louisville, KY 40202<br><br>    Defendant. | Case No. 3:08CV-606-S<br><br>Judge:  Charles R. Simpson III<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around August 2008, Defendant telephoned Plaintiff's parents-in-law ("Parents").

10. During this communication, Parents notified Defendant that Plaintiff did not live with Parents.

11. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Parents.

12. On or around August 14, 2008, Plaintiff telephoned Defendant.

13. During this communication, Defendant spoke to Plaintiff in an abusive, offensive, oppressive, and/or obscene manner.

14. During this communication, Defendant represented to Plaintiff that, unless Plaintiff paid the debt, Defendant would begin proceedings against Plaintiff's house and car.

15. During this communication, Defendant threatened to contact Plaintiff's husband's ("Husband") commander and have the matter put on Husband's record.

16. On or around August 18, 2008, despite having Plaintiff's contact information, Defendant contacted Parents.

17. During this communication, Defendant disclosed the existence nature, and/or amount of the debt to Parents.

18. During this communication, Defendant represented that Defendant would take legal action against Plaintiff if the debt was not paid within 24 hours.

19. At the time of the communications referenced above, Defendant had neither the intent nor the ability to take legal action against Plaintiff.

20. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT NINE

### Invasion of Privacy by Public Disclosure of a Private Fact

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's extended family.

40. The disclosure of Plaintiff's debt and the threat of legal action to these parties is highly offensive.

41. The information disclosed is not of legitimate concern to the public.

## COUNT TEN

### Invasion of Privacy by Intrusion upon Seclusion

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

44. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

45. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

46. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

47. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

48. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

49. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Debbie D. Bowman*
Debbie D. Bowman (Bar No. 84274)
332 West Broadway
Suite 300
Louisville, KY 40202
Tel:  1.866.339.1156
Fax: 1.312.822.1064
ddb@legalhelpers.com
*Attorney for Plaintiff*